## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ROBERT LEON DENT,

      Plaintiff,

v.

                                     Case No.  5:22-cv-52-TKW/MJF

CALEB BAILEY, *et al.*,

      Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This case is before the court upon Plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983, and motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Docs. 1, 3. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted. The undersigned recommends, however, that this case be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and an abuse of the judicial process, because Plaintiff's complaint is duplicative of an earlier action he filed.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

**A.  <u>Plaintiff's Complaint</u>**

Plaintiff Robert Leon Dent is a pretrial detainee confined at the Florida State Hospital. Doc. 1.[2] Plaintiff was confined at the Bay County Jail at the time of the events giving rise to this lawsuit. *Id*. at 5.[3] Plaintiff is suing three jail officials: Sheriff Tommy Ford, Corporal Caleb Bailey, and Lieutenant Flowers. *Id*. at 2-3.

Plaintiff alleges that Bailey came to his cell and ordered him to move from the quarantine dormitory to general population. *Id*. at 5. Plaintiff told Bailey he needed to be placed in "protected custody" and asked to speak to a lieutenant. According to Plaintiff, Bailey then retaliated against him by using excessive force on him. *Id*. at 5. In particular, Plaintiff alleges that Bailey "attempted to pull me off the top bunk" and "aggressively grabbed my hand and yanked it stating cuff up turn around and cuff up." *Id*. at 5. When Plaintiff refused, Bailey wrestled Plaintiff to the ground and instructed another officer to mace Plaintiff. *Id*. at 6. Defendant Flowers entered the area and told Bailey "that's enough." *Id*. Plaintiff later wrote "request forms" to Defendant Ford, but received no response. *Id*.

---

[2] Plaintiff's Bay County Jail Inmate ID is 1833068. *See* Doc. 1 at 1; Doc. 3 at 1. Plaintiff's Florida State Hospital Resident ID is 010129291. *See* Doc. 3 at 6.

[3] Plaintiff was transferred to the Florida State Hospital after being adjudicated incompetent to proceed in his criminal case, Bay County Circuit Court Case No. 2020-CF-002702. *See Dent v. Bay County Sheriff Org., et al*., No. 5:20-cv-310-TKW-MJF, Docs. 18 (Pl.'s Letter), 20 (Pl.'s Second Am. Compl.).

Based on the foregoing allegations, Plaintiff claims that the Defendants violated his First-Amendment right to freedom of speech, his Eighth-Amendment right to be free from cruel and unusual punishment, and his Fourteenth-Amendment due process and "citizenship" rights. *Id.* at 7. As relief, Plaintiff states:

> I would like for the court to appoint counsel then have the illegal microchip device remove[d] from under my skin and have the people who are behind this organized crime possibly face charges. I ask for 45 million dollars for my life nearly being taken in Bay County Jail.

*Id.* at 7.

Plaintiff signed his complaint on February 24, 2022, and mailed it from Florida State Hospital on March 2, 2022. Doc. 1 at 12-14. Plaintiff was asked on the complaint form: "[H]ave you had any case dismissed for a reason listed in § 1915(g) that counts as a 'strike'?" *Id.* at 9. The complaint form defined a "strike" as an action "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* at 8. Plaintiff responded "Yes," to the question on the complaint form, and disclosed *Dent v. Bay County Sheriff Org., et al.*, No. 5:20-cv-310-TKW/MJF.

**B.   Plaintiff's Prior Lawsuit: *Dent I***

The court takes judicial notice of Plaintiff's earlier-filed case in this court. *See* Fed. R. Evid. 201. Before the present case, Dent brought an action against the same Defendants named in this suit. *See Dent v. Bay County Sheriff Org., et al*., No. 5:20-cv-310-TKW/MJF (N.D. Fla. Nov. 6, 2020) ("*Dent I*"). After providing Plaintiff three opportunities to amend his complaint to state a plausible claim for relief, the undersigned recommended that the case be dismissed for failure to state a claim upon which relief can be granted. *Dent I*, 2022 WL 598356 (N.D. Fla. Feb. 3, 2022). On February 28, 2022, the District Court dismissed *Dent I* after determining that the case not only failed to state a plausible claim but also was frivolous. *Dent I*, 2022 WL 598253 (N.D. Fla. Feb. 28, 2022).

## II.  SCREENING STANDARD UNDER 28 U.S.C. § 1915(e)(2)

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. §§ § 1915(e)(2)(B), 1915A.

The Eleventh Circuit uses the legal definition of "malicious" found in *Black's Law Dictionary*. *See Daker v. Bryson*, 841 F. App'x 115, 121 (11th Cir. 2020). *Black's Law Dictionary* defines the term "malicious" as "[w]ithout just cause or excuse." *Malicious, Black's Law Dictionary* (11th ed. 2019). *Black's* defines "malicious abuse of process" as "the improper . . . use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope." *See Malicious Abuse of Process, Black's Law Dictionary* (11th ed. 2019); *see also Abuse of Process, Black's Law Dictionary* (11th ed. 2019).

The Eleventh Circuit has held that duplicative cases qualify for dismissal as malicious under § 1915(e)(2)(B). *See Daker v. Ward*, 999 F.3d 1300, 1305-06 (11th Cir. 2021) (dismissing prisoner case—as an abuse of the judicial process and malicious—where prisoner's complaint knowingly made the same or substantially similar challenges to a prison policy that the prisoner made in two other active federal cases against many of the same defendants); *Daker v. Bryson*, 841 at 120-21 (dismissing bulk of prisoner's claims as malicious because they were duplicative of claims prisoner made in a prior lawsuit, and they were filed to circumvent court orders in the prior case); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious.") (cited in *Daker*, 841 F. App'x at 121); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming dismissal of suit as malicious

where the new suit was "directly related, if not identical to" a previously dismissed complaint) (cited in *Daker* at 121).

### III. DISCUSSION

#### A.  This Case Is Duplicative of *Dent I*

This lawsuit is duplicative of *Dent I*. Plaintiff is asserting the same claims against the same Defendants based on the same underlying facts. The two complaints are almost identical. Plaintiff acknowledges that at the time he filed this new lawsuit, he knew that *Dent I* had been dismissed as frivolous and for failure to state a claim. *See* Doc. 1 at 8-9.

#### B.  The Appropriate Sanction is Dismissal with Prejudice

Plaintiff's filing of this new action meets the legal definition of "malicious." Plaintiff knowingly filed this complaint containing claims duplicative of claims he already had asserted in another civil action.[4] There is "no just cause or excuse" for this duplicative filing. It is an "improper" use of the judicial process to file a new lawsuit to relitigate claims that were determined to be frivolous and to lack facial plausibility. Plaintiff's abuse of the judicial process has forced this court to unnecessarily expend scarce judicial resources.

---

[4] Because the Defendants in *Dent I* were not served with process, Dent's present claims are not barred by *res judicata*. *See Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1471 (11th Cir. 1986) (holding that "named but unserved defendants [are not] 'parties' for *res judicata* purposes"); *see also, e.g., Davis v. Davis*, 551 F. App'x 991, 996 (11th Cir. 2014) (same).

The appropriate sanction for Plaintiff's malicious abuse of the judicial process is dismissal of this case under 28 U.S.C. § 1915(e)(2)(B)(i). This will count as Plaintiff's second "strike" under 28 U.S.C § 1915(g).

## IV. CONCLUSION

It is **ORDERED** that:

Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 3, is **GRANTED**.

In addition, for the reasons stated above the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

2.    The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this <u>11th</u> day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**